UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 12-00021 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOSHUA SOUTHERLAND | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Defendant Joshua Southerland's ("Southerland") Motion to Dismiss Indictment (Record Document 19). Southerland argues that "Congress improperly delegated to the Attorney General its power to decide whether [the Sex Offender Registration and Notification Act ("SORNA") ] would apply retroactively to persons like Mr. Southerland who were convicted before July 27, 2006 – SORNA's implementation date." (Record Document 19 at 1).

In U.S. v. Whaley, the Fifth Circuit held that "[t]he delegation to the Attorney General to determine the retroactive applicability of SORNA is well within the limits of permissible delegation."577 F.3d 254,264 (5th Cir. 2009). In U.S. v. Johnson, the Fifth Circuit dealt with seven challenges to SORNA. The defendant argued "that by directing the Attorney General to decide if SORNA applies retroactively, SORNA violates the non-delegation doctrine." The Fifth Circuit found this argument to be foreclosed by Fifth Circuit case law stating that "[i]n United States v. Whaley, we rejected nearly identical claims." U.S. v. Johnson, 632 F.3d 912, 917 (5th Cir. 2011).

Just as in Johnson, Southerland's argument is foreclosed by U.S. v. Whaley and his motion must fail under the case law of the Fifth Circuit.

Accordingly,

**IT IS ORDERED** that Southerland's Motion to Dismiss Indictment be and hereby is **DENIED**.

Thus done and signed, in Shreveport, Louisiana, this 15th day of May, 2012.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE